Hipolito **MARTINEZ–MARTINEZ,**
**Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-**
**TION SERVICE, Respondent.**

**No. 73–1302**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

June 11, 1973.

Albert Armendariz, Sr., El Paso, Tex., for petitioner.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Elliot L. Richardson, Atty. Gen. of the U. S., U. S. Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., Dist. Dir., Imm. & Nat. Serv., New Orleans, La., William S. Sessions, U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent; William E. Weinert, Trial Atty., Immigration and Naturalization Service, El Paso, Tex., of counsel.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Hipolito Martinez-Martinez petitions this court for review of a deportation order of the Immigration and Naturalization Service, pursuant to 8 U.S.C.A. § 1105a. Petitioner's deportation is predicated on Section 241(a)(13) of the Immigration and Naturalization Act, 8 U. S.C.A. § 1251(a)(13), which provides for the deportation of any alien who

> prior to, or at the time of any entry, or at any time within five years after any entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law . . .

The Special Inquiry Officer found that the petitioner accepted money for assisting five aliens to illegally enter the United States during September of 1970. It was undisputed that the petitioner had entered this country as an immigrant during June of 1966. Thus, the Officer concluded that the petitioner was deportable as an alien, who within five years of entry, committed the acts described in Section 241(a)(13). The Board of Immigration Appeals affirmed the decision of the Special Inquiry Officer.

In this proceeding the petitioner challenges this determination, claiming that he originally entered this country illegally in August of 1965 and voluntarily departed the country in May of 1966, shortly before making his legal re-entry the following month. He contends that for the purposes of Section 241(a)(13) his illegal entry in 1965 should be considered the beginning point of the five year period.

Section 101(a)(13) of the Act, 8 U.S. C.A. § 1101(a)(13), provides:

> The term "entry" means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him or his presence in a foreign port or place or in an outlying possession was not voluntary: *Provided,* That no person whose departure from the United States was occasioned by deportation proceedings, extradition, or other legal process shall be held to be entitled to such exception.

▬ The language of the statute will not bear the construction urged by the petitioner. Petitioner had no "lawful permanent residence" in the United States prior to June of 1966.[1] Therefore, his legal coming into the United States at that time was an "entry".[2] The privilege of legally entering this country in 1966 could not and did not carry with it retroactive legality as to

---

1. *Cf.* Section 101(a)(20) of the Act, 8 U. S.C.A. § 1101(a)(20) which provides:
   The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

2. This is not a case where *lawful* residence is temporarily interrupted, where the promise is that "it is * * * important that the continued enjoyment of [our] hospitality once granted, shall not be subject to meaningless and irrational hazards." *See* Rosenberg v. Fleuti, 374 U.S. 449, 459, 83 S.Ct. 1804, 1810, 10 L.Ed.2d 1008 (1963).

petitioner's prior illegal residence. Thus, the acts committed during September of 1970 occurred within five years of entry.

The other points raised by Petitioner do not merit discussion. The Petition for Review is

Dismissed.

Hufstedler, Circuit Judge, filed dissenting opinion.